# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CRYSTAL JENIFF ANON-RAMOS,

          Petitioner,

   v.

WARDEN OF THE ADELANTO DETENTION CENTER, *et al.*,

          Respondents.

Case No. 5:26-cv-01501-AB-RAO

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on March 27, 2026. Dkt. No. 1 ("Pet."). On April 6, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time." Dkt. No. 6 at 2. Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of Venezuela who entered the country on August 27, 2023. Pet. ¶¶ 15, 23. On August 27, 2023, Petitioner was paroled into the United States and released pursuant to an order of recognizance pursuant to 8 U.S.C.

§ 1226(a).  *Id.* ¶ 25; *see also* Pet. Ex. B.  Petitioner timely applied for asylum.  Pet. ¶ 27.   Additionally, Petitioner has complied with Immigration and Customs Enforcement ("ICE") reporting requirements associated with her release.  *Id*. ¶ 30.

On January 26, 2026, Petitioner was arrested for domestic violence and immediately released; however, upon her release from state custody, the government placed her in immigration detention.  *Id*. ¶ 31.  Thereafter, Petitioner was transferred to the Adelanto ICE Processing Center where she remains.[1]  Petitioner argues, *inter alia*, that her detention violates her constitutional due process rights.  *Id*. ¶¶ 70–78.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that her continued detention violates the Due Process Clause of the Fifth Amendment and an order that she be released immediately.   Pet. at 21–22.   As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards.  *Sheng Kun v. Janecka, et al.*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).  Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status and the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of her re-detention, the Court finds that it is appropriate to grant the Petition.  *See id.*

---

[1] The publicly available ICE records reflect that Petitioner is currently detained by ICE at the Adelanto ICE Processing Center within this District.

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner upon her release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED: May 6, 2026

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE